UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEMPER INDEPENDENCE INSURANCE
COMPANY,

        Plaintiff,    **COMPLAINT**

vs.              Civil Action No. _____

ANTHONY PORTO JR. and WILLIAM HAUGHEY,

        Defendants.

---

  Plaintiff, KEMPER INDEPENDENCE INSURANCE COMPANY, by and through its attorneys, HURWITZ & FINE, P.C., as and for their Complaint herein, alleges, upon information and belief, as follows:

  1. This matter is an insurance coverage dispute in which KEMPER INDEPENDENCE INSURANCE COMPANY ("Kemper") seeks declaratory relief as to the rights and obligations of the parties involved in this action and an underlying action pending in the Southern District of New York, under the relevant insurance policy.

  2. Specifically, Kemper seeks a declaration that Defendant, ANTHONY PORTO JR. ("Porto, Jr."), is not entitled to coverage under the relevant Kemper insurance policy for the claims and causes of action asserted against him by Defendant, WILLIAM HAUGHEY ("Haughey"), and that Kemper may withdraw from the courtesy defense that it is currently providing to Porto, Jr., therein.

  3. At all times hereinafter mentioned, Plaintiff, Kemper, was and is a foreign insurance company headquartered in the State of Florida.

1

4. Upon information and belief, now and at all times hereinafter mentioned, Defendant, Porto, Jr., was and is a resident of the State of New York, County of Putnam.

5. Upon information and belief, now and at all times hereinafter mentioned, Defendant, Haughey, was and is a resident of the State of Florida.

6. Haughey is included in this action as a nominal party so that total and complete relief can be afforded among the parties involved.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter under 28 USC § 1332 in that it arises between citizens of different states/countries, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, insofar as the value of the right being protected and/or the injury being averred exceeds $75,000.00.

8. Venue is proper in this district under 28 USC § 1391(a)(2) and (b)(1) because Porto, Jr., resides within this district and (b)(2) because a substantial part of the events giving rise to the relevant claim occurred in this district.

## THE UNDERLYING ACTION AND CLAIMS

9. Defendant, Haughey, commenced an action in the United States District Court for the Southern District of New York, bearing Case No. 18 CV 2861 (KBF), against Putnam County, the Town of Carmel, the Carmel Town Attorney, several police officers and Anthony Porto Sr. ("Porto, Sr.") (the "Underlying Action").

10. After initial filing, Haughey amended his Complaint in the Underlying Action to name Porto, Jr. and Smalley's Inn & Restaurant, aka Smalley's Inn, TNT Café, Inc. ("Smalley's) as defendants. The relevant pleadings, including specifically the Second Amended Complaint in that action, are incorporated herein by reference as if fully set forth below.

11. In the Underlying Action, it is alleged that the defendants conspired to frame Haughey for starting a fire in Smalley's, a tavern in Carmel, New York, which occurred on March 10, 2007.

12. In 2016, after spending eight years in prison, Haughey was exonerated and released from prison after the District Attorney concluded that the fire was in all likelihood electrical caused by faulty wiring (or at least conceded, that the proof necessary to convict Haughey was lacking).

13. The Underlying Action alleges that Porto, Jr. and Porto, Sr. (collectively, the "Portos") are the owners of Smalley's.

14. The Underlying Action alleges that Smalley's is a business entity owned and controlled by the Portos and through which the Portos committed some of the wrongs alleged.

15. The Underlying Action alleges that the Portos were unduly enriched by way of the wrongs committed because of fraud, filing false insurance claims, defamation, and causing injury to Haughey.

16. The Underlying Action alleges that the day after the fire, the Portos, who held a "grudge" against Haughey, called the Carmel Police Department and reported that Haughey had intentionally set fire to the bathroom ceiling at Smalley's.

17. The Underlying Action alleges that the defendants falsely arrested Haughey, created several false reports representing the fire was an arson, and eliminated all the other causes of the fire.

18. The Underlying Action alleges that after a federal habeas corpus proceeding, the prosecution agreed that Haughey be released from prison, vacated his conviction

and barred the District Attorney from ever prosecuting Haughey again for this crime.

19. The Underlying Action alleges that Haughey was released from prison on May 23, 2016, approximately one month into the Kemper policy period as outlined below.

20. The Second Amended Complaint in the Underlying Action asserts several causes of action alleged against the Portos, including, among others:

> First: Evidence Manufacturing; Denial of A Fair Trial Under the Fifth, Sixth, and Fourteenth Amendments; 42 U.S.C. § 1983;
>
> Second: Wrongful Arrest and Detention under the Fourth Amendment; 42 U.S.C. § 1983;
>
> Third: Malicious Prosecution and Deprivation of Liberty Under the Fourth, Fifth, Sixth, and Fourteenth Amendments; 42 U.S.C. § 1983;
>
> Fifth: Denial of A Fair Trial Under The Fifth, Sixth, Fourteenth Amendments;
>
> Eighth: 42 U.S.C. §1983 Civil Conspiracy.

## THE POLICY

21. Kemper issued a Homeowners Policy to Porto, Jr., written on a HO 00 04 (04 91) policy form as amended, which was effective for a policy period from April 22, 2016 to October 4, 2016, bearing policy number UG605774 (the "Kemper Policy").

22. The Kemper Policy provided the following terms, as relevant here:

> **AGREEMENT**
>
> We will provide the insurance described in this policy in return for the premium in compliance with all applicable provisions of this policy.
>
> **DEFINITIONS**
>
> In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We," "us" and "our" refer to the Company providing

4

this insurance. In addition certain words and phrases are defined as follows:

1. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.
2. "Business" includes trade, profession or occupation.

***

5. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
   a.    "Bodily injury"; or
   b.    "property damage."

***

## SECTION II – LIABILITY COVERAGES

### COVERAGE E - PERSONAL LIABILITY

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
1.    Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and
2.    Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from an "occurrence" equals our limit of liability.

* * *

### SECTION II – EXCLUSIONS

1.    **Coverage E - Personal Liability** and **Coverage F - Medical Payments to Others** do not apply to "bodily injury" or "property damage":

   a.    Which is expected or intended by the "insured";

   b.    Arising out of or in connection with a "business" engaged in by an "insured." This exclusion applies but is not limited to an act or omission, regardless

5

of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the "business";

\* \* \*

23. As amended by the SPECIAL HOMEOWNERS ENDORSEMENT, VS 2532 (12 13) the policy provides:

**SECTION II – PERSONAL INJURY COVERAGE**

Under Coverage E – Personal Liability, the definition "bodily injury" is amended to include personal injury.

"Personal injury" means injury arising out of one or more of the following offenses:

1. False arrest, detention or imprisonment, or malicious prosecution;

2. Libel, slander or defamation of character; or

3. Invasion of privacy" wrongful eviction or wrongful entry.

Section II Exclusions do not apply to personal injury. Personal injury insurance does not apply to:

\*\*\*

2. Injury caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of an "insured";

\*\*\*

4. Injury arising out of the "business" pursuits of an "insured" …

\*\*\*

**DISCLAIMER AND COURTESY DEFENSE**

24. Kemper disclaimed coverage for claims and damages asserted against Porto, Jr. in the Underlying Action, including any coverage obligations to Porto, Jr. under the

6

Kemper Policy.

25. Despite its disclaimer of coverage, Kemper agreed to provide Porto, Jr. with a courtesy defense in the Underlying Action subject to a full reservation of rights and with the understanding that Kemper intended to file a declaratory judgment to verify its coverage position regarding the Underlying Action and any related claims.

26. To date, Kemper continues to provide Porto, Jr. with a defense in the Underlying Action.

## AS AND FOR KEMPER'S
## FIRST CAUSE OF ACTION

27. Kemper reasserts and realleges each and every allegation contained within paragraphs "1" through "26" as if fully set forth herein.

28. Coverage E – Personal Injury of the Kemper Policy provides coverage for claims made or suit brought against an "insured" for damages because of "bodily injury" caused by an "occurrence".

29. Coverage E – Personal Injury defines "bodily injury" to include personal injury.

30. "Personal injury" is defined to mean injury arising out of one or more of the following offenses: False arrest, detention or imprisonment, or malicious prosecution; Libel, slander or defamation of character; or Invasion of privacy, wrongful eviction or wrongful entry.

31. The First, Fifth, and Eighth causes of action in the Underlying Action, alleging evidence manufacturing, denial of a fair trial, and civil conspiracy, do not constitute "personal injury" as that term is defined.

32. Since there is no "personal injury", there is no "bodily injury" under the Kemper Policy for these causes of action.

33. Therefore, Kemper is entitled to a declaration that Kemper has no obligation to defend or indemnify Porto, Jr. or any other claimant in connection with the relevant claims and/or Underlying Action arising therefrom.

34. Additionally, Kemper is entitled to a declaration that it may withdraw from the courtesy defense that it is currently providing to Porto, Jr. in the Underlying Action.

## AS AND FOR KEMPER'S SECOND CAUSE OF ACTION

35. Kemper reasserts and realleges each and every allegation contained within paragraphs "1" through "34" as if fully set forth herein.

36. Again, Coverage E – Personal Injury of the Kemper Policy provides coverage for claims made or suit brought against an "insured" for damages because of "bodily injury" caused by an "occurrence".

37. An "occurrence" is defined as an "accident . . . which results, during the policy period, in '[b]odily injury' or 'property damage'."

38. None of the causes of action asserted in the Underlying Action allege an accident resulting in "bodily injury" or "property damage".

39. Therefore, Kemper is entitled to a declaration that Kemper has no obligation to defend or indemnify Porto, Jr. or any other claimant in connection with the relevant claims and/or Underlying Action arising therefrom.

40. Additionally, Kemper is entitled to a declaration that it may withdraw from the courtesy defense that it is currently providing to Porto, Jr. in the Underlying Action

## AS AND FOR KEMPER'S THIRD CAUSE OF ACTION

41. Kemper reasserts and realleges each and every allegation contained within

paragraphs "1" through "40" as if fully set forth herein.

42. To the extent any cause of action in the Underlying Action allege accidental conduct, which Kemper submits they do not, none of the complained of conduct occurred within the Kemper policy period.

43. Each and every cause of action asserted against Porto, Jr. in the Underlying Action, including assertions of evidence manufacturing, denial of a fair trial, wrongful arrest and detention, malicious prosecution and deprivation of liberty, and civil conspiracy, are predicated upon acts and events undertaken prior to the Kemper Policy's effective policy period, and as such, do not trigger coverage under the Kemper Policy.

44. Therefore, Kemper is entitled to a declaration that Kemper has no obligation to defend or indemnify Porto, Jr. or any other claimant in connection with the relevant claims and/or Underlying Action arising therefrom.

45. Additionally, Kemper is entitled to a declaration that it may withdraw from the courtesy defense that it is currently providing to Porto, Jr. in the Underlying Action.

## AS AND FOR KEMPER'S FOURTH CAUSE OF ACTION

46. Kemper reasserts and realleges each and every allegation contained within paragraphs "1" through "45" as if fully set forth herein.

47. Coverage E – Personal Injury of the Kemper Policy excludes coverage for "bodily injury" or "property damage" "[w]hich is expected or intended by the insured."

48. Some or all of the causes of action in the Underlying Action assert harm that was either "expected or intended" by the insured.

49. Thus, coverage for such causes of action are excluded under the Coverage E – Personal Injury "expected or intended" exclusion.

9

50. Therefore, Kemper is entitled to a declaration that Kemper has no obligation to defend or indemnify Porto, Jr. or any other claimant in connection with the relevant claims and/or Underlying Action arising therefrom.

51. Additionally, Kemper is entitled to a declaration that it may withdraw from the courtesy defense that it is currently providing to Porto, Jr. in the Underlying Action.

## AS AND FOR KEMPER'S
## FIFTH CAUSE OF ACTION

52. Kemper reasserts and realleges each and every allegation contained within paragraphs "1" through "51" as if fully set forth herein.

53. Coverage E – Personal Injury of the Kemper Policy excludes coverage for "bodily injury" or "property damage" "[a]rising out of or in connection with a 'business' engaged in by an 'insured.' This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the 'business'. . . ."

54. The allegations in the Underlying Action assert that Porto, Jr. had a business incentive to have the fire upon which Haughey's arson conviction was predicated designated as arson for insurance purposes.

55. Thus, the allegations in the Underlying Action arise out of Porto, Jr.'s business and are excluded under the business exclusion contained within Coverage E – Personal Injury of the Kemper Policy.

56. Therefore, Kemper is entitled to a declaration that Kemper has no obligation to defend or indemnify Porto, Jr. or any other claimant in connection with the relevant claims and/or Underlying Action arising therefrom.

57. Additionally, Kemper is entitled to a declaration that it may withdraw

from the courtesy defense that it is currently providing to Porto, Jr. in the Underlying Action.

## AS AND FOR KEMPER'S
## SIXTH CAUSE OF ACTION

58. Kemper reasserts and realleges each and every allegation contained within paragraphs "1" through "57" as if fully set forth herein.

59. The SPECIAL HOMEOWNERS ENDORSEMENT of the Kemper Policy excludes coverage from Coverage E – Personal Injury for "[i]njury caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of an 'insured'."

60. The allegations in the Underlying Action assert that "each defendant participating in the fire investigation and those on the scene were aware" that there was no legitimate basis upon which arson could have been concluded from the facts at issue before or after the time of Haughey's arrest, prosecution, and detention.

61. Thus, the allegations in the Underlying Action assert harms caused by an arson with Porto, Jr.'s knowledge or consent in violation of criminal law, which are excluded from coverage under the SPECIAL HOMEOWNERS ENDORSEMENT's "penal law or ordinance" exclusion.

62. Therefore, Kemper is entitled to a declaration that Kemper has no obligation to defend or indemnify Porto, Jr., or any other claimant in connection with the relevant claims and/or Underlying Action arising therefrom.

63. Additionally, Kemper is entitled to a declaration that it may withdraw from the courtesy defense that it is currently providing to Porto, Jr. in the Underlying Action.

## AS AND FOR KEMPER'S
## SEVENTH CAUSE OF ACTION

64. Kemper reasserts and realleges each and every allegation contained within

paragraphs "1" through "63" as if fully set forth herein.

65. The SPECIAL HOMEOWNERS ENDORSEMENT of the Kemper Policy excludes coverage from Coverage E – Personal Injury for "[i]njury arising out of the 'business' pursuits of an 'insured'" are excluded from Personal Injury Coverage.

66. The allegations in the Underlying Action assert that Porto, Jr. had a business incentive to have the fire upon which Haughey's arson conviction was predicated designated as arson for insurance purposes.

67. Thus, the allegations in the Underlying Action arise out of Porto, Jr.'s business pursuits and are excluded under the business exclusion contained within Coverage E – Personal Injury of the Kemper Policy.

68. Therefore, Kemper is entitled to a declaration that Kemper has no obligation to defend or indemnify Porto, Jr. or any other claimant in connection with the relevant claims and/or Underlying Action arising therefrom.

69. Additionally, Kemper is entitled to a declaration that it may withdraw from the courtesy defense that it is currently providing to Porto, Jr. in the Underlying Action.

**WHEREFORE**, Plaintiff, KEMPER INDEPENDENCE INSURANCE COMPANY, prays for judgment of this Court against the Defendants, ANTHONY PORTO JR. and WILLIAM HAUGHEY, by way of a declaratory judgment to determine and declare the rights of the parties hereto, finding as follows:

1. A declaration that KEMPER INDEPENDENCE INSURANCE COMPANY is not obligated to provide insurance coverage under the Kemper Policy to ANTHONY PORTO JR. or any other claimant for the Underlying Action and/or related claims;

2. A declaration that KEMPER INDEPENDENCE INSURANCE

COMPANY does not have a duty to defend and/or indemnify ANTHONY PORTO JR. or any other claimant under the Kemper Policy for the Underlying Action and/or related claims;

3. A declaration that KEMPER INDEPENDENCE INSURANCE COMPANY may withdraw from the defense that it is currently providing to Defendant ANTHONY PORTO JR. in the Underlying Action;

4. Such other and further relief as to this court may find just, proper and equitable, together with the costs and disbursements of this action.

DATED: Buffalo, New York
July 30, 2020

HURWITZ & FINE, P.C.


By     /s/ Dan D. Kohane
         Dan D. Kohane, Esq.
*Attorneys for Plaintiff,*
*KEMPER INDEPENDENCE INSURANCE COMPANY*
1300 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 849-8900
ddk@hurwitzfine.com