**RITA DAVE**
Attorney at Law                                                                 516-782-1614

26 Court Street                                                          ritadaveesq@gmail.com
Suite 1212
Brooklyn, New York 11242

> Given the presumption in favor of an adjudication on the merits, the Court is unlikely to grant the motion for a default judgment.  Counsel shall confer and, no later than November 12, 2020, Plaintiff shall file a letter indicating whether it consents to withdrawal of the motion.  In the meantime, the deadline for Defendant Haughey to file his opposition to Plaintiff's motion for default judgment is extended to November 18, 2020, and the default judgment hearing is ADJOURNED to December 9, 2020, at 4 p.m.  Per the Court's prior order, the parties shall be prepared to treat that conference as the initial pretrial conference as well.  The Clerk of Court is directed to terminate ECF No. 28.  SO ORDERED.
>
> *[signature]*
> November 6, 2020

November 4, 2020

BY ECF
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   Kemper Insurance Company vs Anthony Porto Jr., and
       William Haughey,
       Case No 1:20 -cv – 05945- JMF

Dear Judge Furman:

I am the attorney for Mr. William Haughey the defendant in the above declaratory action.  I also represent Mr. Haughey in a civil claim as against his co-defendant Mr. Anthony Porto Jr, under docket number 18 CV 2861 (KBF) which is referred to as the Underlying Action.

I am in receipt of the plaintiff's Motion for Default Judgment and have reviewed same. I have also reviewed the underlying complaint and supporting documents as of this filing.

I note that on October 28, 2020 a Clerk's Certificate of Default was filed and plaintiffs were directed to file a further Motion for Default Judgment. I communicated with plaintiff's counsel initially by email and then via phone informing them I had returned from overseas, was recovering from Covid and intended to seek permission of the Court to vacate the default and submit an Answer.  I asked for their consent to avoid unnecessary motion practice or expenditure of Court resources.  Counsel had taken the position that since the Court had set a schedule and directed them to submit a Motion for Default, they had no ability to consent to my request but would not take a position otherwise.

As such I submit this Letter Motion asking that the court stay entry of any ruling on defendant's motion for default for a period of two (2) weeks up to and including November 18, 2020, pending my submission of a motion to vacate said default.  In the alternative I respectfully ask that the Court schedule a conference call between the parties herein.

                                                      Very truly yours,
                                                      *Rita Dave*
                                                      Rita Dave