```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                      :
KEMPER INDEPENDENCE INSURANCE COMPANY,                                :
                                                                      :
                              Plaintiff,                              :
                                                                      :        20-CV-5945 (JMF)
              -v-                                                     :
                                                                      :        MEMORANDUM OPINION
WILLIAM HAUGHEY,                                                      :            AND ORDER
                                                                      :
                              Defendant.                              :
                                                                      :
----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

As discussed during the telephone conference held yesterday, the parties shall, no later than **January 5, 2021**, file a joint letter proposing how the case should proceed, if at all, and proposing a briefing schedule if appropriate.

Assuming that the parties believe the case should proceed, they should address whether the Court has jurisdiction to do so in light of the fact that the sole remaining Defendant, William Haughey, is merely a nominal party. *See* ECF No. 9. Indeed, upon review of the authorities cited in Plaintiff's counsel's August 5, 2020 letter, it is far from clear that Plaintiff would have a valid and ripe claim against Mr. Haughey under New York law at this time. Contrary to counsel's representations, New York Insurance Law § 3420(a)(2) does not appear to speak to the issue, let alone provide a cause of action to Plaintiff prior to a judgment in the underlying tort suit. And as the cases on which counsel relied note, a party is nominal only "if no cause of action or claim for relief is or could be stated *against him or on his behalf* as the case may be." *Lewis Morris Assocs. v. Admiral Ins. Co.*, No. 04-CV-1757 (SHS), 2004 WL 1065522, at *2 (S.D.N.Y. May 11, 2004) (emphasis added) (internal quotation marks omitted). By definition,

therefore, Plaintiff presumably does not have a valid claim against Mr. Haughey at this time.[1]

Finally, even if Plaintiff does have a valid claim against Mr. Haughey as a matter of New York *substantive* law at this time, ripeness is an independent requirement for federal jurisdiction under Article III, *see, e.g.*, *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 321 (2d Cir. 2001) ("[Ripeness is] an unwaivable *sine qua non* for the exercise of federal judicial power . . . ."), and requires a showing of injury that is "actual or imminent," not "conjectural or hypothetical," *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013) (internal quotation marks omitted).  Given Plaintiff's own representations, the remaining claims against Mr. Haughey would not seem to satisfy that test.  *See* ECF No. 9, at 4 (noting that Mr. Haughey would not have a claim against Plaintiff "[u]ntil" he "obtains a judgment against [Mr.] Porto, Jr. — *which is purely speculative and may never actually happen*" (emphasis added)).

SO ORDERED.

Dated: December 9, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1] Indeed, Plaintiff appears to be in a jurisdictional bind.  If Mr. Haughey is, in fact, a nominal party, then Plaintiff has no claim against him and the case is presumably unripe for purposes of Article III.  If Mr. Haughey is not nominal, then removal was improper because he counts for diversity purposes and there was not complete diversity.  In light of the authorities cited in counsel's August 5, 2020 letter, the Court was persuaded that Mr. Haughey is nominal and the removal was proper.  But it would seem to follow from that conclusion that, with Plaintiff's claims against its Anthony Porto, Jr., its insured, now dismissed, the remaining claims against Mr. Haughey should be dismissed as unripe.