UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                    :

KEMPER INDEPENDENCE INSURANCE      :
COMPANY,                                     :
                                    :

                        Plaintiff,        :                20-CV-5945 (JMF)
                                    :

              -v-                      :        MEMORANDUM OPINION
                                  :           AND ORDER
WILLIAM HAUGHEY,                    :
                                    :

                        Defendant.     :
                                    :
--------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On July 30, 2020, Plaintiff Kemper Independence Insurance Company ("Kemper") filed

this action against Defendants Anthony Porto, Jr. and William Haughey seeking a declaration

that it was not required to either provide a defense or indemnify Porto, its insured, in connection

with a lawsuit that Haughey has filed against Porto in this Court, *Haughey v. Cty. of Putnam*, No.

7:18-CV-2861 (KMK) (the "Underlying Action").  *See* ECF No. 1 ("Compl.").  The Complaint

invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, *see* Compl. ¶ 7, despite

acknowledging that Kemper and Haughey were both citizens of Florida, *see id.* ¶¶ 3, 5.  The

Complaint suggested that the lack of complete diversity did not matter because Haughey was

"included" in the case only "as a nominal party."  *Id.* ¶ 7.

      On August 3, 2020, the Court, citing its independent obligation to examine whether it has

subject-matter jurisdiction, *see, e.g.*, *Goldman, Sachs & Co. v. Golden Empire Sch. Fin. Auth.*,

764 F.3d 210, 213 (2d Cir. 2014), ordered Kemper to file a letter brief showing that Haughey

was properly treated as a nominal defendant and that his presence did not destroy diversity of

citizenship.  *See* ECF No. 8.  In a letter dated August 5, 2020, Kemper argued that Haughey was

"a nominal party to this action whose citizenship has no bearing upon this Court's subject matter

analysis under 28 U.S.C. § 1332."  ECF No. 9, at 4.  As Kemper explained:

> Haughey has been included in this action because he has asserted claims against
> Kemper's named insured, Anthony Porto, Jr., in the Underlying Action.  The
> Complaint in this action seeks a declaratory judgment regarding the contractual
> relationship between Kemper and Anthony Porto, Jr., under the Kemper Policy in
> relation to the Underlying Action.  There is no allegation in the Complaint
> indicating that Haughey is a party to the insurance contract between Kemper and
> Anthony Porto, Jr.  The outcome of the dispute between Kemper and Anthony
> Porto, Jr., will not affect the nature of the legal relationship between Haughey and
> Porto, Jr., nor the availability or amount of any potential judgment by Haughey
> against Porto, Jr.  Until Haughey obtains a judgment against Porto, Jr. — which is
> purely speculative and may never actually happen — Haughey cannot bring a
> substantive cause of action against Kemper [under New York law].  Haughey
> must wait to bring a direct action against Kemper until such time as he may
> become a judgment creditor following resolution of the Underlying Action.

*Id.* at 4-5.  Persuaded by Kemper's letter, the Court proceeded with the case.

On October 22, 2020, however, the Court so ordered a stipulation (the

"Stipulation and Order") dismissing all of Kemper's claims against Porto.  *See* ECF No.

16.  Among other things, the Stipulation and Order declared that Kemper was "entitled to

the relief" that it "sought in this action" — namely, it is "not obligated to provide

insurance coverage" to Porto for the Underlying Action and that Kemper "does not have

a duty to defend and/or indemnify" Porto for the Underlying Action.  *Id.*  On December

8, 2020, the Court held a conference with counsel for the remaining parties, Kemper and

Haughey, and raised the question of whether the Court still had jurisdiction over the case

in light of the dismissal of all claims against Porto.  The Court ordered the parties, if they

wished to continue the litigation, to file a letter by January 5, 2021, addressing the issue

given Haughey's admitted status as a nominal party.  In an Order entered the next day,

the Court noted that, even if Kemper "does have a valid claim against Mr. Haughey as a

matter of New York substantive law at this time," it was unlikely — given Kemper's own representations in its letter of August 5, 2020 — that such a claim would be ripe for purposes of Article III.  *See* ECF No. 35 (emphasis omitted).  On January 5, 2021, the parties filed a joint letter asserting that the Court retains jurisdiction notwithstanding the dismissal of Kemper's claims against Porto.  *See* ECF No. 36.

The Court disagrees.  To be justiciable, a "case must be 'ripe' — not dependent on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"  *Trump v. New York*, 141 S. Ct. 530, 535 (2020) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).  Significantly, that is true "not only at the time the complaint is filed, but through all stages of the litigation."  *Id.* at 534 (internal quotation marks omitted).  The ripeness requirement, which is derived from Article III of the United States Constitution, "circumscribes federal jurisdiction to real conflicts so as to preclude the courts from gratuitously rendering advisory opinions with regard to events in dispute that have not matured to a point sufficiently concrete to demand immediate adjudication and thus that may never materialize as actual controversies."  *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 406 (S.D.N.Y. 2002), *aff'd* 346 F.3d 357 (2d Cir. 2003) (per curiam).  It is well established that it applies with equal force to actions under the Declaratory Judgement Act (which, by its terms, extends only to an "actual controversy"), *see* 28 U.S.C. § 2201(a), even if, ultimately, "[t]he difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see, e.g.*, *First State Ins. Co. v. Am. Home Assurance Co.*, 463 F. Supp. 3d 298, 311-12 (D. Conn. 2020); *Dow Jones & Co.*, 237 F. Supp. 2d at 406.

In the Court's view, this case falls on the unripe side of the line.  Porto, Kemper's actual insured, has agreed that Kemper "is entitled to the relief" it seeks "in this action" and, thus, has stipulated that Kemper has neither a duty to defend nor a duty to indemnify him.  ECF No. 16, at 1-2.  Haughey, meanwhile, has no standing (or reason) to challenge Kemper's decision not to defend — indeed, if anything, Kemper's decision not to defend Porto in the Underlying Action is probably to his advantage.  And while he may ultimately be able to bring an indemnification claim of his own against Kemper, the parties concede that he "cannot" do so now.  ECF No. 36, at 4.  (Indeed, that was the very premise for treating him as a nominal party whose citizenship could be disregarded for purposes of subject-matter jurisdiction.)  Instead, he may not bring an indemnification claim against Kemper unless and until (1) he obtains a judgment against Porto in the Underlying Action; *and* (2) that judgment remains unsatisfied for at least thirty days after he serves it on Kemper.  *See* N.Y. Ins. Law § 3420(a)(2).  Whether both of these conditions will come to pass is, as Kemper earlier conceded, "purely speculative and may never actually happen."  ECF No. 9, at 4.  At present, therefore, the case is "riddled with contingencies and speculation that impede judicial review."  *Trump*, 141 S. Ct. at 535.

It is true, as the parties note in their joint letter, *see* ECF No. 36, at 3-4, that federal courts frequently allow a liability insurer to "bring an action for a declaratory judgment against the parties in an underlying lawsuit involving its insured without waiting for the underlying action to proceed to judgment."  *Empire Fire & Marine Ins. Co. v. Elrac, Inc.*, No. 04-CV-10315 (GEL), 2006 WL 3734308, at *2 (S.D.N.Y. Dec. 18, 2006); *see, e.g.*, *First State Ins. Co.*, 463 F. Supp. 3d at 311-12 (citing cases).  Indeed, the Second Circuit has gone so far as to say that "litigation over insurance coverage has

become the paradigm for asserting jurisdiction despite 'future contingencies that will determine whether a controversy ever actually becomes real.'" *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992) (quoting 10A Wright & Miller, Federal Practice and Procedure § 2757 (2d ed.)).  But most, if not all, of these cases involved live claims against the insured party.  Indeed, the parties here do not cite, and the Court has not found, a single case holding that a federal court can or should continue to entertain a declaratory judgment action regarding insurance coverage in a separate lawsuit where, as this case, the insured him or herself has already stipulated that the insurance company has no duty to defend or indemnify — and the only claims remaining are those against the nominal party.  Put differently, without Porto, the "practical likelihood" that the contingencies necessary for Kemper to become liable is so low that it cannot support the Court's continuing jurisdiction.  *Associated Indem. Corp.*, 961 F.2d at 35 (internal quotation marks omitted).

In any event, even if the dispute between the parties were sufficiently concrete to support jurisdiction as a *constitutional* matter, the Court would "abstain from a case on *prudential* ripeness grounds."  *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 691 (2d Cir. 2013) (emphasis added).[1]  Whether a Court should abstain on prudential ripeness grounds turns on a "two-step inquiry" involving "both the fitness of the issues for judicial

---

[1]     The Supreme Court has recently "cast doubt on the 'continuing vitality of the prudential ripeness doctrine,' on that ground that it 'is in some tension with . . . the principle that a federal court's obligation to hear and decide cases within its jurisdiction is virtually unflagging.'" *New York v. Trump*, — F. Supp. 3d —, No. 20-CV-5770 (RCW) (PWH) (JMF), 2020 WL 5422959, at *24 n.12 (S.D.N.Y. Sept. 10, 2020) (three-judge court) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167 (2014)), *vacated on other grounds*, 141 S. Ct. 530.  "But because neither the Supreme Court nor the Second Circuit has abandoned the doctrine yet," this Court is bound to still apply it.  *Id.*

decision and the hardship to the parties of withholding court consideration." *Id.* (internal quotation marks omitted). The first step "is concerned with whether the issues sought to be adjudicated are contingent on future events or may never occur." *N.Y. Civil Liberties Union v. Grandeau*, 528 F.3d 122, 132 (2d Cir. 2008) (internal quotation marks omitted). In assessing the possibility of hardship at the second step, a court "ask[s] whether the challenged action creates a direct and immediate dilemma for the parties." *Id.* at 134 (internal quotation marks omitted). The two-step inquiry requires consideration, in turn, of three factors: "(1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented." *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 733 (1998); *see, e.g.*, *Travelers Prop. Cas. Corp. v. Winterthur Int'l*, No. 02-CV-2406 (SAS), 2002 WL 1391920, at *6 (S.D.N.Y. June 25, 2002) (noting that "the duty to indemnify turns . . . on the actual liabilities as borne out by the facts").

Applying these standards here, the case for abstaining is clear. First, as the parties concede, and as the Court discussed above, the issues sought to be adjudicated are *both* "contingent on future events" *and* "may never occur." *N.Y. Civil Liberties Union*, 528 F.3d at 132. Second, delaying review will not cause hardship to either party. In light of the Stipulation and Order, Kemper has no obligations to defend Porto in the Underlying Action (a fact that, as noted, does not harm — and may even help — Haughey). And in the event that Haughey obtains a judgment against Porto in the Underlying Action, and Porto fails to satisfy that judgment himself, Kemper would have all of the same rights under the policy that it has today. Obtaining a judgment against Haughey today may

provide Kemper with peace of mind.  But more is required for a court to wade into a dispute that may never crystallize into a real controversy.  Finally, the Court may well "benefit from further factual development of the issues presented" insofar as the duty to indemnify may turn on the nature of any judgment and what facts were proved in the Underlying Action.  *Ohio Forestry Ass'n*, 523 U.S. at 733.

In short, the Court concludes that a party cannot be both nominal for purposes of diversity jurisdiction but real for purposes of deciding whether there is an "actual controversy" that would support the Court's continuing jurisdiction.  Accordingly, and for the foregoing reasons, the Court concludes that "judicial resolution of this dispute is premature," *Trump*, 141 S. Ct. at 536, and the case is dismissed.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: January 14, 2021
      New York, New York             JESSE M. FURMAN
                                       United States District Judge